STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

DAWN SACCOCCIA-MILLER :
:
: C.A. No. 05- 3690
VS. :
:
TARGET CORPORATION :

## COMPLAINT

1. Plaintiff is a resident of the City of Cranston, County of Kent, State of Rhode Island.

2. Upon information and belief, Defendant is a for-profit company incorporated under the laws of the State of Minnesota and is doing business in numerous locations through the State of Rhode Island.

## COUNT I

## DEFAMATION AND SLANDER

3. Plaintiff hereby reincorporates Paragraphs 1 and 2 by reference.

4. Plaintiff was hired by Defendant corporation in August, 2002, as a cashier.

5. Within one month, Plaintiff was transferred to the position of Guest Service Team Lead (GSTL). Plaintiff never went through any formal training for this position.

6. On July 4, 2003, Plaintiff purchased merchandise.

7. On July 5, 2003, Plaintiff returned the item which went on clearance and repurchased and received a credit of $1.57.

8. On July 21, 2003, Plaintiff was advised by **Nisha Sarrell (sic)**, head of GSTL's, that she could not do what she did.

9. Prior to being told that she could not do such a transaction, she did the same for a

FILED
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island
2005 JUL

guest (the policy being that if merchandise goes on sale, the customer may have up to 14 days to receive a price adjustment).

10. Plaintiff was told that what she did was grounds for termination and she was fired from her position.

11. Plaintiff was escorted out of the store by Asset Protection Team, **Ryan Ballard (sic),** in the presence of co-workers and customers with great humiliation and embarrassment to the Plaintiff.

12. Defendant, through its agents and/or employees, intentionally made disparaging and slanderous remarks against the Plaintiff to wit: intentionally accused her of wrongdoing know such charge to be false in its entirety.

13. The slander perpetrated by Defendant through its agents and/or employees, fulfilled the requirement of publication in that they published the comments to at least one other individual who is not the Plaintiff in this case.

14. The slander perpetrated by Defendant through its agents and/or employees caused Plaintiff severe emotion and mental distress.

15. The slander perpetrated by Defendant through its agents and/or employees caused irreparable harm and damage to Plaintiff's reputation and good name.

16. Defendant through its agents and/or employees maliciously and wantonly slandered Plaintiff, doing so with reckless disregard as to the truth of the statements.

17. Because the slander perpetrated by Defendant through its agents and/or employees is slander per se, damage to Plaintiff is inferred by law.

18. Plaintiff is entitled to damages to recover from the slander per se perpetrated upon

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

her by Defendant through its agents and/or employees.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory damages and punitive damages plus interest, costs and attorneys fees.

Plaintiff,
By her Attorney,

Anthony J. Cordeiro, Esquire (#2814)
51 Jefferson Boulevard
Warwick, RI 02888
(401) 785-0505

## COUNT II

## FALSE IMPRISONMENT

19. Plaintiff hereby reincorporates Paragraphs 1 and 11 by reference.

20. During the course of the interrogation, Plaintiff was not permitted to leave the room and she was unlawfully and maliciously detained.

21. Defendant detention of Plaintiff was malicious groundless, baseless, severe, outrageous, unconscionable, and contrary to the decency of this society.

22. Defendant's detention of Plaintiff was unlawful and malicious because it was undertaken to harass and victimize the Plaintiff.

23. Defendant's detention of Plaintiff was unlawful and malicious because it was undertaken without probably cause of any kind.

24. Defendant's detention of Plaintiff deprived her of her personal liberty, and caused here severe emotional and physical distress.

rue Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

25. At all times, Defendants agents and employees were acting within the course and scope of their employment with Defendant, Target, Inc.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory damages and punitive damages plus interest, costs and attorneys fees.

## COUNT III

## INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS

26. Plaintiff hereby reincorporates paragraphs 1 through 11 by reference as if set forth in full.

27. The Defendant intentionally and deliberately inflected emotional distress on the Plaintiff by defaming her to many people, including her co-workers, family and friends.

28. As a result of Defendant's extreme and outrageous conduct, Plaintiff was, is and with high degree of likelihood, will continue to be emotionally distressed due to her defamation of her.

29. As a result of Plaintiff's extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and aguish, severe emotional trauma, embarrassment, and humiliation.

30. Defendant's extreme, outrageous, intentional and malicious conduct in reckless disregard of Plaintiff's emotional and mental well being, caused severe emotional and mental distress warranting imposition of punitive damages.

31. Defendant is also directly liable for the intentional infliction of emotional distress committed upon the Plaintiff, as well as jointly liable for the actions of its employees under the doctrine of respondeat superior and/or negligent supervision and retention.

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
State of Rhode Island

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory damages and punitive damages plus interest, costs and attorneys fees.

Plaintiff,
By her Attorney,

Anthony J. Cordeiro, Esquire (#2814)
51 Jefferson Boulevard
Warwick, RI 02888
(401) 785-0505

**COUNT IV**

**NEGLIGENT SUPERVISION AND RETENTION**

32. Plaintiff hereby reincorporated paragraphs 1 through 11 as if set forth in full.

33. Defendant, Target, Inc., owed Plaintiff, its employee, a duty of care, in that they owed her a work environment whereby she could not be falsely accused of committing a crime by other employees. Defendant, Target, Inc., has breached that duty owed to Plaintiff, said breach causing Plaintiff severe damage.

34. Defendant, Target, Inc., as the employer, knew or should have known about Defendant's employees' habit and proclivity for bringing false charges against employees and customers of Target. It was foreseeable to Defendant, Target, that, left unchecked, Defendant's employee(s) would continue to engage in a pattern of harassment and engage in false accusations. Upon information and belief, Defendant's employee(s) participated in other similar incidents. Despite, this, Defendant, Target, kept Defendant's employee(s) in its employ.

A True Copy Attest:
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

35. The actions of Defendant, Target, were malicious, willful and wanton, and directly and proximately caused Plaintiff severe pecuniary and emotional injury.

36. The actions of Defendant, Target, represented an entire absence of care amounting to a conscious indifference to the consequences of an employee's actions which inevitably lead to the false imprisonment, defamation and wrongful termination of Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory damages and punitive damages plus interest, costs and attorneys fees.

Plaintiff,
By her Attorney,

Anthony J. Cordeiro, Esquire (#2814)
51 Jefferson Boulevard
Warwick, RI 02888
(401) 785-0505

**COUNT V**

**WRONGFUL TERMINATION**

37. Plaintiff hereby reincorporated paragraphs 1 through 11 as if set forth in full.

38. While in the employ of Defendant, Target, Plaintiff earned certain wages.

39. Due to the malicious, willful and wanton actions on the part of the Defendant, Plaintiff was wrongfully terminated from her job at Target.

40. Upon Plaintiff's termination from employment from Defendant, she made application to the Department of Labor and Training for unemployment benefits based upon her allegation of wrongful termination.

41. Plaintiff was awarded benefits based upon the Department of Labor and Training's

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence and Bristol
Providence, Rhode Island

determination that she was discharged for nondisqualifying reasons based upon no evidence of misconduct in connection with her work and based upon the Defendant's failure to respond to the Department for specific details regarding their termination.

42. The benefits received from unemployment were less than her wages while employed at Target.

43. Plaintiff was unemployed for a period of time before she was able to find gainful employment.

44. Plaintiff is entitled to compensation for her lost wages during her period of unemployment.

WHEREFORE, Plaintiff demands judgment against the Defendant for compensatory damages and punitive damages plus interest, costs and attorneys fees.

Plaintiff,
By her Attorney,

Anthony J. Cordeiro, Esquire (#2814)
51 Jefferson Boulevard
Warwick, RI 02888
(401) 785-0505

Date: July 2, 2005

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island