289632

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAWN SACCOCCIA-MILLER, Plaintiff, | ) | |
| v. | ) | C.A. No. 05-323ML |
| TARGET CORPORATION, Defendant. | ) | |

**DEFENDANT, TARGET CORPORATION'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, Target Corporation, hereby moves the Court to dismiss Counts I, II, III, IV, V and VI of the Plaintiff Dawn Saccoccia-Miller's Complaint.

For the reasons set forth in the accompanying Memorandum in Support of Defendant Target Corporation's Motion to Dismiss, Defendant respectfully requests that the Court grant this motion and enter and order dismissing Counts I, II, III, IV, V and VI of the Plaintiff's Complaint.

Respectfully Submitted,
TARGET CORPORATION
By its Attorneys,

Lynn A. Kappelman
*Admitted Pro Hac Vice*
Seyfarth Shaw, LLP
Two Seaport Lane
Boston, MA 02210
(617) 946-4888
Fax: (617) 946-4801

-and-

Sheri L. Pizzi
R.I. Bar No. 5720
Taylor, Duane, Barton & Gilman, LLP
Ten Dorrance Street, Suite 700
Providence, RI 02903
(401)-273-7171
Fax: (401)-273-2904

Dated: August 30, 2005

## CERTIFICATE OF SERVICE

I, Sheri L. Pizzi, hereby certify that on August 30, 2005, I mailed a copy of the foregoing:

1. Defendant Target Corporation's Motion to Dismiss Plaintiff's Complaint

by regular mail, postage prepaid, to:

Anthony J. Cordeiro, Esq.
51 Jefferson Boulevard
Warwick, RI 02888

Sheri L. Pizzi

289595

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DAWN SACCOCCIA-MILLER,
Plaintiff,

v. C.A. No. 05-323ML

TARGET CORPORATION,
Defendant.

**DEFENDANT TARGET CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Defendant, Target Corporation (hereinafter "Target"), submits this Mememorandum of Law in support of its Motion to Dismiss Counts I, II, III, IV, V and VI of the Plaintiff, Dawn Saccoccia-Miller's (hereinafter "Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

The Defendant respectfully requests that this Court enter an Order dismissing all counts of the Plaintiff's Complaint because they are barred by the exclusivity provision of the Rhode Island Workers' Compensation Act. Additionally, the Planitiff's claims for defamation and slander (Count I) are also barred by the applicable statute of limitations period, and the Plaintiff's claim for wrongful termination (Count VI) is not recognized as a cause of action in Rhode Island.

## BACKGROUND

The Plaintiff alleges that in August, 2002, she was hired by the Defendant, Target, as a cashier. (Ex. A, Pl.'s Compl. para 4).[1] At some time thereafter, she was transferred to the position of Guest Service Team Lead. (Ex. A, para. 5). The Plaintiff alleges that she purchased merchandise at Target on July 4, 2003, and returned the merchandise on July 5, 2003 when the item was marked down as a clearance item. On the same date, the Plaintiff repurchased the item and gave herself a credit for the difference between the original purchase price and the clearance price for the merchandise. (Ex. A, paras. 6,7). On July 15, 2003, the Plaintiff alleges, essentially, that a superior, Nisha Sarrell, advised the Plaintiff that her practice violated Target policy. Plaintiff further alleges that she was terminated, that the Defendant's employees slanderously accused her of wrongdoing, and that she was escorted from the Target premises by Ryan Ballard, a member of the store's Asset Protection Team. (Ex. A, paras. 8-18).

The Plaintiff's Complaint alleges common law claims of defamation and slander (Count I), false imprisonment (Count II), intentional infliction of emotional distress (Count III), negligent supervision and retention (Count IV), and wrongful termination (Count V) against her employer, Target, and she filed it on July 15, 2005. (See Ex. A, Pl.'s Compl. and Ex. B, Docket Sheet for *Dawn Saccoccia-Miller v. Target Corp.*, Providence County Super. Ct. No. PC 05-3630).

---

[1] Defendant accepts Plaintiff's allegations as true for purposes of this Motion to Dismiss only. Defendant reserves the right to respond to Plaintiff's allegations in more detail if the Court denies any portion of this motion.

## LEGAL STANDARD

In considering the Defendant, Target's Motion to Dismiss, the Court must construe all allegations and all reasonable inferences to be drawn from them in the light most favorable to the Plaintiff. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). As articulated by the United States Supreme Court, the accepted rule is that a complaint may be dismissed for failure to state a claim where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d. 80 (1957). Defendant's Motion to Dismiss will succeed where the facts, even if taken as true, do not justify recovery on any supportable legal theory. Cruz v. Melecio, 204 F.3d 14, 21 (1st Cir. 2000).

## ARGUMENT

**I. The Exclusivity Provision of the Rhode Island Workers' Compensation Act absolutely bars the Plaintiff's common law claims against her employer, defendant Target, for Defamation and Slander (Count I), False Imprisonment (Count II), Intentional Infliction of Emotional Distress (Count III), Negligent Supervision and Retention (Count IV), and Wrongful Termination (Count V)**

R.I. Gen. Law § 28-29-20 (2004) provides, in relevant part, as follows:

> The right to compensation for an injury under chapters 29-38 of this title, and the remedy for an injury granted by those chapters, shall be in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer, or its directors, officers, agents, or employees: and those rights and remedies shall not accrue to employees entitled to compensation under those chapters while they are in effect, except as otherwise provided in §§ 38-36-10 and 28-36-15.

It remains well-settled in Rhode Island that this exclusivity provision of the Workers' Compensation Act bars an employee's right to bring any common law action for her injuries against her employer. Folan v. State, 723 A.2d 287 (R.I. 1999) (the Act abolishes employee's right to a common-law actions against employer); Manzi v. State, 687 A.2d 461 (R.I. 1997) (exclusivity clause of Workers' Compensation Act bars a plaintiff from filing common law claims against employer for same injuries could recover for in workers compensation action); Nunes v. Aiello, 664 A.2d 1121 (R.I. 1995) (injured employee may not maintain common law action against employer for injuries); Hornsby v. Southland Corp., 487 A.2d 1069, 1072 (R.I. 1985) (the exclusivity clause is "intended to preclude any common-law action against an employer"); Cacchillo v. H. Leach Mach. Co., 111 R.I. 593, 597, 305 A.2d 541, 544 (1973) (recognizing that "the policy of the Workmen's Compensation statute is a salutary one, designed to insure [employer's] immunity from suit in exchange for no-fault compensation") ; Nat'l India Rubber Co. v. Kilroe, 54 R.I. 333, 173 A. 86 (1934) (even gross negligence of employer does not restore employee's common-law right of recovery barred by Workers' Compensation Act); Mustapha v. Liberty Mut. Ins. Co., 268 F.Supp. 890 (D.R.I. 1967) (the Workers' Compensation Act abolishes employee's right to maintain common law action against employer who in turn is deprived of certain common law defenses). Therefore, this Act strictly forbids an employee from bringing common law claims against her employer.

This abolition of an employee's right to sue her employer at common law extends to claims for intentional acts. The Rhode Island Supreme Court has consistently held that an

employee may not bring a claim for an intentional tort against her employer. For example, in Lopes v. G. T. E. Prods. Corp., 560 A.2d 949, 951 (R.I. 1989), the Court determined that neither the legislature nor the Rhode Island Supreme Court has created an intentional tort exception to the mandate of this section. See also Coakley v. Aetna Bridge Co., 572 A.2d 295, 296 (R.I. 1990). In fact, the Court has specifically held that, as a matter of law, this section shields an employer from suit on an intentional infliction of emotional distress claim arising out of workplace sexual harassment and discrimination. Iacampo v. Hasbro, Inc., 929 F. Supp. 562 (D.R.I. 1996).

Although, under the Workers' Compensation Act, the employee gives up her right to sue her employer at common law, she is not without remedy. Rather, the Workers' Compensation Act provides "a simple and expeditious procedure by which an injured employee can receive compensation." Folan, 723 at 290. Under the fixed compensation scheme of the Workers' Compensation Act, the employee avoids the uncertainty and protracted nature of civil lawsuits, and is entitled to virtually immediate compensation for workplace injuries. The employer, in turn, becomes "liable for certain accidental injuries for which before he was not liable" even in cases where the employer did absolutely nothing wrong. Nat'l. India Rubber, 54 R.I. at 333, 173 A. at 86. Ultimately, the Workers' Compensation act "embodies a legislative compromise between the interests of employees and employers in regard to work-related injuries." Folan, 723 at 290, citing DiQuinzio v. Panciera Lease Co., 612. A.2d 40, 42 (R.I. 1992).

Notwithstanding her right to bring a workers' compensation claim, the Plaintiff has brought common law claims for defamation and slander, false imprisonment, intentional infliction of emotional distress, negligent supervision and retention, and wrongful termination against her employer, the defendant Target. The Plaintiff's lawsuit, essentially, seeks to undermine the compromise struck by the legislature and tip the scales entirely in her favor, by impermissibly subjecting her employer to exposure not only under the Workers' Compensation Act, but also under the civil system. However, just as the Rhode Island Supreme Court has unanimously barred other employees from suing their employers at common law, so, too, this Court must preclude the Plaintiff from disturbing the carefully crafted accord struck by the Rhode Island Legislature.

As a matter of law in Rhode Island, the legislature, through its enactment of the exclusivity provision of the Workers' Compensation Act, and the Supreme Court, through its uniform interpretation of that Act, unreservedly bar the Plaintiff from bringing these claims against the Defendant. Accordingly, this Court should dismiss Counts I-VI of the Plaintiff's Complaint.

**II. In addition to the Workers' Compensation bar, the Statute of Limitations also precludes Plaintiffs' Claims for Defamation and Slander (Count I) against defendant Target.**

R.I. Gen. Law. § 9-1-14 (2004), as amended by P.L. 1976, ch. 188, § 1 provides in pertinent part, "Actions for words spoken shall be commenced and sued within one (1) year next after the words spoken, and not after."

The Rhode Island Supreme Court has consistently held that the court must construe a statute in accordance with the legislative intent, when that intent may be determined by the words of the statute. Mikaelian v. Drug Abuse Unit, 501 A.2d 721, 723 (R.I. 1985). In Mikaelian, the Rhode Island Supreme Court explicitly held that R.I.Gen. Law. § 9-1-14 is unambiguous on its face, and the one-year limitation on actions for "words spoken" applies to claims for slander. Id.

In the instant case, the Plaintiff alleges that, on July 21, 2003

> "Defendant, through its agents and/or employees, **intentionally made disparaging and slanderous remarks** against the Plaintiff to wit: intentionally accused her of wrongdoing know [sic] such charge to be false in its entirety."

Ex. A, Pl.'s Compl., paras. 8, 12 (emphasis added). The Plaintiff bases her entire claim for slander and defamation in Count I of her Complaint against the defendant, Target upon allegations that the Defendant, through its agents, spoke disparaging and slanderous remarks against the plaintiff. Nowhere in the Plaintiff's Complaint does she contend that any of the alleged defamatory statements made by the Defendant, through its agents and/or employees, were made in writing. Rather, she only contends that these defamatory statements were spoken. Accordingly, the one-year statute of limitations applicable to words spoken clearly applies to the Plaintiff's claim for defamation and slander.

Plaintiff alleges that the alleged defamatory remarks were made on July 21, 2003 (Ex. A, Pl.'s Compl., paras. 8-12). The Plaintiff did not file her complaint until July 15, 2005 (Ex. B, Docket Sheet for *Dawn Saccoccia-Miller v Target Corporation*, Providence County Super. Ct. No. PC 05-3630), nearly two years after the alleged incident and nearly twelve months after the expiration of the statute of limitations governing actions for words spoken. R.I.Gen.

Law. § 9-1-14 (2004). Accordingly, in addition to the exclusivity provision of the Workers' Compensation Act, which precludes the Plaintiff's action against the defendant, Target, R.I.Gen Law. § 9-1-14 (2004) precludes Count I of the Plaintiff's Complaint as untimely and justifies the entry of an Order dismissing Count I of the Plaintiff's Complaint against the Defendant, Target.

## III. Rhode Island does not recognize a cause of action for wrongful termination (Count VI) and, therefore, this Court may enter an Order dismissing Count VI of the Plaintiff's Complaint against the Defendant, Target.

Rhode Island recognizes the employment at-will doctrine and follows the general rule that an employer may discharge an at-will employee at any time, with or without cause, and the employee may quit at any time. DelSignore v. Providence Journal Co., 691 A.2d 1050, 1051 n.5 (R.I. 1997); Nestle Food Co. v. Miller, 836 F. Supp. 69, 77 n.32 (D.R.I. 1993). In keeping with the employee at-will doctrine, the Rhode Island Supreme Court has rejected the tort of wrongful discharge of an at-will employee. In Volino v. General Dynamics, 539 A.2d 531 (R.I. 1988), the court explicitly declined to recognize a cause of action for the wrongful discharge of an at-will employee. Id. at 531. Thereafter, in Pacheo v. Raytheon Co., 623 A.2d 464, 465 (R.I. 1993), the court "unequivocally stated that in Rhode Island there is no cause of action for wrongful discharge." Specifically, the Court explained that "it is not the role of the courts to create rights for persons whom the Legislature has chosen not to protect." Id.

In this matter, Count VI of the Plaintiff's Complaint purports to bring a claim for wrongful discharge against her employer, the Defendant, Target. Under the clear

precedent set by the Rhode Island Supreme Court which unequivocally holds that no cause of action exists in Rhode Island for wrongful discharge, and in the absence of any statutorily created right by the Rhode Island Legislature, quite simply, the plaintiff's claim for wrongful discharge fails as a matter of law. Accordingly, this Court is justified in entering an Order dismissing Count VI of the Plaintiff's Complaint against the Defendant, Target.

## CONCLUSION

For all of the aforementioned reasons, the Defendant, Target, respectfully requests an Order from this Court granting its Motion to Dismiss all of the Plaintiff's claims against Target, including Counts I, II, III, IV, V and VI of the Plaintiff's Complaint against Target.

Respectfully Submitted,
TARGET CORPORATION
By its Attorneys,

Lynn A. Kappelman
*Admitted Pro Hac Vice*
Seyfarth Shaw, LLP
Two Seaport Lane
Boston, MA 02210
(617) 946-4888
Fax: (617) 946-4801

Sheri L. Pizzi
R.I. Bar No. 5720
Taylor, Duane, Barton & Gilman, LLP
Ten Dorrance Street, Suite 700
Providence, RI 02903
(401)-273-7171
Fax: (401)-273-2904

Dated: August 30, 2005

## CERTIFICATE OF SERVICE

I, Sheri L. Pizzi, hereby certify that on August 30, 2005, I mailed a copy of the foregoing Defendant Target Corporation's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint by regular mail, postage prepaid, to:

Anthony J. Cordeiro, Esq.
51 Jefferson Boulevard
Warwick, RI 02888

Sheri L. Pizzi