UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAWN SACCOCCIA-MILLER

v. CA 05-323ML

TARGET CORPORATION

# MEMORANDUM AND ORDER

This case is before the Court on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## I. Standard of Review

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), "a court must take the allegations in the plaintiff's pleadings as true and must make all reasonable inferences in favor of the plaintiff." Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005)(citation omitted). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegation." Id.

The fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim. Pomerleau v. West Springfield Pub. Sch., 362 F.3d 143, 145 (1st Cir. 2004)(citation omitted).

## II. Facts

Plaintiff's Complaint alleges the following facts. In July, 2003, Plaintiff was employed by Defendant Target Corporation. On July 21, 2003, Plaintiff was terminated after being told

that her conduct in returning and repurchasing an item put on clearance was a violation of store policy. She was escorted from the store by a member of Defendant's Asset Protection Team in the presence of coworkers and customers. Plaintiff alleges she experienced embarrassment and emotional distress during this incident.

Plaintiff filed a complaint in Rhode Island Superior Court on July 15, 2005. In that Complaint, Plaintiff alleges that Defendant's conduct constitutes the torts of defamation and slander (count I); false imprisonment (count II); intentional infliction of emotional distress (count III); negligent supervision and retention (count IV); and wrongful termination (count V). The case was removed to this Court on July 26, 2005. Defendant filed a Motion to Dismiss all counts of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on August 30, 2005. Plaintiff has not filed a response.

III. Discussion

Defendant argues that all of Plaintiff's claims (counts I-V)[1] are barred by the exclusivity provision of the Rhode Island Workers' Compensation Act. Moreover, Defendant states that the statute of limitations has run out on Plaintiff's charge of defamation and slander (count I). Finally, Defendant posits that Plaintiff's wrongful termination charge (count V) is not recognized in Rhode Island.

1. Exclusivity Provision of the Rhode Island Workers' Compensation Act

The exclusive remedy provision of Rhode Island's Workers' Compensation Act ("WCA") states in relevant part:

---

[1]Defendant's Motion to Dismiss mistakenly refers to six counts in Plaintiff's Complaint, when, in fact, there are only five.

> The right to compensation for an injury under chapters 29 -- 38 of this title, and the remedy for an injury granted by those chapters, shall be in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer, or its directors, officers, agents, or employees . . .

R.I. Gen. Laws § 28-29-20 (2004). The provision reflects a statutory compromise between employer and employee: in return for obtaining a speedy no-fault remedy, the injured employee "gives up the right to pursue an action at law that, although potentially more remunerative, is likely to be protracted and may well be unsuccessful." DiQuinzio v. Panciera Lease Co., Inc., 612 A.2d 40, 42 (R.I. 1992). The exclusivity provision effectively eliminates an injured employee's right to sue her employer under common law tort actions for injuries which are compensable under the WCA. Folan v. State/Dep't of Children, Youth, and Families, 723 A.2d 287, 290 (R.I. 1999).

Here, Plaintiff's complaint names the following claims: defamation and slander, false imprisonment, intentional infliction of emotional distress, negligent supervision and retention, and wrongful termination. Because the Rhode Island Supreme Court has consistently held that there is no exception to the exclusivity provision for intentional torts of employers, both negligent and intentional tort actions are barred by the WCA exclusivity provision. Cianci v. Nationwide Ins. Co., 659 A.2d 662, 670 (R.I. 1995). Therefore, all of Plaintiff's claims would appear to be precluded. However, a recent decision of the Rhode Island Supreme Court has established that actions for defamation do not fall within the WCA's purview. Nassa v. Hook-SupeRx, Inc., 790 A.2d 368, 375 (R.I. 2002). In Nassa, the Court reasoned that because no WCA remedy is available for injury to an employee's reputation or community standing, the plaintiff is not barred by the WCA from bringing a defamation suit to redress such wrongs. Id. at

374.

Plaintiff here alleges defamation and slander, claiming that Defendant's conduct in accusing her of wrongdoing in the presence of other employees and customers damaged her reputation and caused her emotional distress. Pursuant to the court's holding in Nassa, this claim is not barred by the WCA's exclusivity provision. The remaining counts, however, are precluded by the exclusivity provision.

2. Statute of Limitations for Defamation Actions

Plaintiff's claim of defamation nonetheless fails because the statute of limitations for that action has expired. In Rhode Island, defamation actions must be "commenced and sued within one year next after the words spoken, and not after." R.I. Gen. Laws § 9-1-14 (2004). Plaintiff alleges the defamatory remarks were made on July 21, 2003. Plaintiff does not allege that any of the defamatory statements were made in writing; rather the sum total of events underlying her defamation complaint occurred verbally on July 21, 2003, in the termination incident described above. Plaintiff filed her complaint on July 15, 2003, almost two years after the date of the incident. Therefore, the one-year statute of limitations has expired on that claim, justifying dismissal as a matter of law.

3. Wrongful Termination in Rhode Island

Plaintiff's Complaint includes a claim for wrongful termination. In Rhode Island, the general rule is that employees who are hired for an indefinite period with no contractual right to continued employment are at-will employees subject to discharge at any time for any permissible reason or for no reason at all. DelSignore v. Providence Journal Co., 691 A.2d 1050, 1052 n.5 (R.I. 1997)(citing Volino v. General Dynamics, 539 A.2d 531, 532 (R.I. 1988)). The Rhode

Island Supreme Court has consistently rejected the tort of wrongful discharge of an at-will employee. Volino, 539 A.2d at 532; Pacheco v. Raytheon Co., 623 A.2d 464, 465 (R.I. 1993). Plaintiff has not alleged a contractual right to employment; she was therefore an at-will employee, subject to dismissal by Defendant at any time. Because Plaintiff was an at-will employee, and Rhode Island does not recognize a cause of action for wrongful termination of an at-will employee, Plaintiff's claim on this count fails as a matter of law.

IV. Conclusion

Because each of Plaintiff's five claims fails as a matter of law, there is no set of facts Plaintiff could prove consistent with her allegations that would entitle her to relief. Therefore, Defendant's Motion to Dismiss is granted.

SO ORDERED:

Mary M. Lisi

Mary M. Lisi

United States District Judge

October 11, 2005